UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| Blaze Solutions, Inc., | CASE NO.  6:22-cv-00158 |
| Plaintiff, | |
| vs. | |
| BWS Holdings, LLC dba ServiceGanja; and Does 1-10 | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND
FEDERAL UNFAIR COMPETITION**

Plaintiff Blaze Solutions, Inc. ("Blaze" or "Plaintiff"), by and through its attorneys, for its Complaint against BWS Holdings LLC dba ServiceGanja ("BWS," "ServiceGanja," or "Defendant") hereby alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.       This is an action for copyright infringement in violation of the Copyright Act of 1976 (17 U.S.C. §501, *et. seq.*) and for unfair competition under the laws of the United States (15 U.S.C. §1125(a), *et seq.*).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-1-
COMPLAINT
4864-3417-3450v4/106393-0004

## THE PARTIES

2.      Plaintiff BLAZE Solutions, Inc. is a corporation duly organized and existing under the laws of Delaware, with a principal place of business at 4590 MacArthur Blvd., #500, Newport Beach, CA 92660.

3.      On information and belief, Defendant BWS Holdings, LLC d/b/a ServiceGanja ("ServiceGanja") is a limited liability company registered in Texas with a principal place of business in Dallas, Texas.

4.      BLAZE is ignorant to the true names and capacities of the Defendants sued as Does 1–10, inclusive, and therefore Plaintiff has sued them by their fictitious names.  On information and belief, Does 1–10 were and are the moving, active, conscious forces behind the infringement and violations of BLAZE's rights.  As such, Does 1–10 are liable to BLAZE.

5.      Collectively, ServiceGanja and Does 1-10 are herein referred to as Defendants.

## JURISDICTION AND VENUE

6.      This a civil action for copyright infringement in violation of the Copyright Act of 1976 (17 U.S.C. §501, *et. seq.*) and for unfair competition under the laws of the United States (15 U.S.C. §1125(a), *et seq.*).

7.      This Court has federal question jurisdiction over Plaintiff's claims brought under the Copyright Act (17 U.S.C. §301) pursuant to 28 U.S.C. § 1331.

8.      This Court has personal jurisdiction over the Defendants as, upon information and belief, they have sold and/or distributed infringing software in this District and the State of Texas.

9.      Venue in this Judicial District is proper under 28 U.S.C. §§1391 and 1400, given that a substantial part of the acts, omissions, and transactions complained of herein were

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-2-
COMPLAINT

4864-3417-3450v4/106393-0004

conceived, carried out, made effective, and had effect within the State of Texas and this Judicial

District.  Further, venue is appropriate in this Judicial District as, upon information and belief,

Defendants have identified Travis County as a primary location of their business efforts in State

filings.  Attached as Exhibit A is such a filing, whereby on April 13, 2020, Defendant BWS

Holdings identified with the Office of the Secretary of State of Texas that its business name

would be ServiceGanja, and that Travis County would be "[t]he county or counties where

business or professional services are being or are to be conducted or rendered."

## FACTS MATERIAL TO THE CLAIMS ALLEGED HEREIN

10.     BLAZE is a software company that has been creating and selling leading software

solutions for the cannabis industry since 2016.  BLAZE's 420connect application, an industry

standard, allows for increased productivity for dispensary staff resulting in faster transaction

times and higher revenue.  BLAZE's software has intuitive and simple workflows to speed up

repetitive tasks like checking inventory and processing transactions. It also gives delivery

services everything they need to run and grow their business in a compliant and secured manner,

particularly necessary in an ever-changing industry.

11.      BLAZE's platform has been relied on by 40 integrated partners to date, including

some of the industry's premier cannabis distributors.  BLAZE is widely regarded by these

partners and other industry leaders as providing a second-to-none service.

12.     The programs and components that constitute BLAZE's 420connect platform

were developed, coded, and produced by BLAZE and were fixed by BLAZE in a tangible

medium of expression.  Collectively, these programs and components may be referred to as the

"BLAZE Works."

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-3-
COMPLAINT

4864-3417-3450v4/106393-0004

13.     BLAZE has invested over 7 years of resources, collaboration, trial-and-error, countless man-hours and over $4.1 million in developing the BLAZE Works, all of which are wholly BLAZE's property.

14.     Plaintiff owns all right, title and interest in the BLAZE Works.  BLAZE owns the interest in United States Copyrights Registration Numbers TXu 2-287-945, effective date of November 10, 2021, and  TX 9-045-045, effective date of December 3, 2021, covering BLAZE's ownership of the BLAZE Works.  A true and correct copy of the registration certificates for these BLAZE Works is attached hereto as Exhibit B.

15.     Upon information and belief, Defendants have improperly accessed the code for the BLAZE Works.

16.     Defendants have reproduced and distributed and sold, or caused to be reproduced and distributed and sold software utilizing portions of the BLAZE Works or that are substantially similar to the BLAZE Works.  Specifically, on information, belief, and based on BLAZE's own investigations, BLAZE has determined that Defendant's code libraries contain substantial parts of code identical to BLAZE code.  Defendants have never been given permission to repackage or resell the BLAZE Works.

17.     Defendants' copying of the BLAZE Works is very easy to spot.  For instance, corresponding parts of the two sets of libraries contain the same exact coding patterns and structure, the same error messages, the same bugs, and the same arbitrary data structures, among other things.

18.     As one example, several of ServiceGanja's application pages are indistinguishable to those in the software offered by BLAZE, with a nearly identical layout and identical datapoints.  As BLAZE's investigation uncovered, ServiceGanja's pages, among other things:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-4-
COMPLAINT

4864-3417-3450v4/106393-0004

(1) use the exact same submenus, datapoints, and workflows; (2) share certain terms, nomenclature, and descriptors that are unique to BLAZE; and (3) identify the exact same California licensing numbering schemes utilized by BLAZE.  The terms used in both BLAZE and ServiceGanja's code bases are solely used by BLAZE to describe certain items such as inventory; they are not used anywhere else in the industry.  ServiceGanja's utilization of the same California licensing numbering scheme is also indicative of copying, as this scheme is not used in ServiceGanja's markets such as Oklahoma.  An example of these identical workflows and submenus is the parties' respective transfer page.  As can be identified in the screenshots below, ServiceGanja's transfer page is the exact same as that offered by BLAZE, and uses certain terms such as "Show Prepackages" and "Batches" that are not used by any other competitor in the industry.  The first image is from BLAZE's 420connect platform, and the latter was obtained from ServiceGanja's infringing platform:



STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-5-
COMPLAINT

4864-3417-3450v4/106393-0004



Upon information and belief, and BLAZE's own investigation, Defendants have deliberately copied these pages and related terminologies.

19.     As another example, BLAZE's investigation has revealed that Defendants are utilizing the same code using the same simple logic for certain internal code bases.  Specifically, BLAZE's analysis of the code bases reveals that the internals of Defendants' API sets correspond to those of BLAZE's APIs.  For example, certain of the code found in the ServiceGanja product utilizes the same file path and 420connect folder structure that BLAZE developed.  ServiceGanja's code also identifies the same Amazon Web Services Developer Key as BLAZE.   Upon information and belief, and BLAZE's own investigation, Defendants have deliberately copied these code bases and APIs.

20.     As another indicator of this deliberate copying, ServiceGanja's APIs provide error codes identical to those provided by BLAZE's APIs.   These are errors that are custom to the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-6-
COMPLAINT

4864-3417-3450v4/106393-0004

BLAZE platform and should be returned only by the BLAZE Platform.  Specifically, the
infringing ServiceGanja platform returns error codes that have an errorType that begins with
"com.fourtwenty.core.exceptions."  The "fourtwenty.core" code language is a direct reference to
BLAZE's product 420Connect, and was specifically coded in such a way as to reference the
BLAZE Works without running afoul of any coding limitations.  Despite some evidence that
ServiceGanja tried to modify the code within its platform, it did not remove this
"fourtwenty.core" reference.

21.     ServiceGanja's blatant copying is not limited to the code.  Indeed, ServiceGanja
was found to have taken recent content from BLAZE's web page and blog and rebranded it as
ServiceGanja content on its own website.  Compare, e.g., https://www.blaze.me/blog/the-cost-of-
opening-a-dispensary-the-ultimate-guide/ to https://www.serviceganja.com/blog/the-cost-of-
starting-a-legal-retail-marijuana-business.  These articles are both one example where
ServiceGanja takes BLAZE's written work and attempts to pawn it off as its own.

22.     The above examples are but some instances of Defendants' copying of the
BLAZE Works, as BLAZE's investigation has shown.

23.     BLAZE has been and continues to be harmed monetarily and reputationally by
Defendants' infringement.  It must now be stopped.

## COUNT 1

### Copyright Infringement

### (17 U.S.C. §501, *et seq.*)

24.     Plaintiff BLAZE hereby incorporates by reference and realleges each and every
allegation of the foregoing Paragraphs.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-7-
COMPLAINT

4864-3417-3450v4/106393-0004

25.     BLAZE is the rightful owner of the copyrights to the BLAZE Works.   Attached collectively herein as Exhibit B is the respective copyright registration for the BLAZE Works that has been filed with the United States Copyright Office.

26.     Defendants have also deliberately copied articles published by BLAZE on BLAZE's website.  BLAZE is the sole owner of this copyrighted material.

27.     Defendants have no independent rights in the BLAZE Works or the BLAZE articles.

28.     BLAZE never authorized Defendants to use, copy or create derivative works based on the BLAZE Works or the BLAZE articles.

29.     By virtue of the facts alleged above Defendants are willfully infringing Plaintiff's copyrighted BLAZE Works by copying substantial elements and portions of the BLAZE Works. These uses directly infringe BLAZE's copyrights in the BLAZE Works.

30.     By virtue of the facts alleged above Defendants are willfully infringing Plaintiff's copyrighted BLAZE articles by copying substantial elements and portions of the BLAZE articles.  These uses directly infringe BLAZE's copyrights in the BLAZE articles.

31.     Defendants' infringement has caused and will continue to cause BLAZE irreparable and continuing harm unless preliminarily and permanently enjoined by this Court.

32.     Defendants' acts of copyright infringement have <u>also</u> caused harm to BLAZE that may be compensable in money damages.  Defendants have also been or will be unjustly enriched through direct and indirect profits and benefits as a result of their infringement.  BLAZE is entitled to statutory damages and/or its actual damages and the disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's BLAZE Works and related articles in an amount to be established at trial.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-8-

COMPLAINT

4864-3417-3450v4/106393-0004

33.     On information and belief, Defendants' infringement was willful in that they knew or should have known that their conduct would infringe BLAZE's copyrights.  Defendants' willful infringement entitles BLAZE to enhanced damages and attorneys' fees.

### COUNT 2

### Federal Unfair Competition

### (15 U.S.C. §1125(a), *et seq.*)

34.     Plaintiff BLAZE hereby incorporates by reference and realleges each and every allegation of the foregoing Paragraphs.

35.     By virtue of the facts alleged above, Defendants' wrongful conduct is unlawful and constitutes unfair business acts and/or practices, thereby constituting unfair competition under the laws of the United States, 15 U.S.C. §1125(a), *et seq.*

36.     On information and belief, Defendants have unfairly, unlawfully, and fraudulently entered the cannabis industry by deliberately copying and infringing the BLAZE Works.  Such conduct misrepresents the source of origin of Defendants' infringing works.

37.     Defendants' conduct as alleged herein, has caused and continues to cause substantial and irreparable harm to BLAZE, its business reputation and their goodwill.

38.     As a direct, proximate and foreseeable cause of Defendants' actions, as alleged herein, BLAZE has suffered substantial losses and damages, in amount to be proven at trial.

39.     Defendants' conduct as alleged has been willful, wanton and reckless, acting with oppression, fraud and/or malice and with continued conscious disregard of BLAZE's rights and applicable law.  BLAZE is therefore entitled to exemplary and punitive damages in an amount to be determined at trial.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

4864-3417-3450v4/106393-0004

-9-

COMPLAINT

## COUNT 3

### Texas Unfair Competition

### (Tex. Bus. and Com. Code § 17.46, *et seq.*)

40.     Plaintiff BLAZE hereby incorporates by reference and realleges each and every allegation of the foregoing Paragraphs.

41.     By virtue of the facts alleged above, Defendants' wrongful conduct is unlawful and constitutes unfair business acts and/or practices, thereby constituting unfair competition under the laws of the State of Texas, Tex. Bus. and Com. Code § 17.46, et seq.

42.     On information and belief, Defendants have unfairly, unlawfully, and fraudulently entered the cannabis industry by deliberately copying and infringing the BLAZE Works.  Such conduct misrepresents the source of origin of Defendants' infringing works.

43.     Defendants' conduct as alleged herein constitutes false, misleading, or deceptive acts or practices as such conduct is defined pursuant to Tex. Bus. and Com. Code § 17.46, et seq.

44.     Defendants' conduct as alleged herein, has caused and continues to cause substantial and irreparable harm to BLAZE, its business reputation and their goodwill.

45.     As a direct, proximate and foreseeable cause of Defendants' actions, as alleged herein, BLAZE has suffered substantial losses and damages, in amount to be proven at trial.

46.     Defendants' conduct as alleged has been willful, wanton and reckless, acting with oppression, fraud and/or malice and with continued conscious disregard of BLAZE's rights and applicable law.  BLAZE is therefore entitled to exemplary and punitive damages in an amount to be determined at trial.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-10-
COMPLAINT

4864-3417-3450v4/106393-0004

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all matters to which it is entitled pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That Defendants' conduct as alleged has been willful, wanton and reckless, acting with oppression, fraud and/or malice and with continued conscious disregard of BLAZE's rights and applicable law.

3. Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the BLAZE Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the BLAZE Works; and

   b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

4. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-11-
COMPLAINT

4864-3417-3450v4/106393-0004

sales and any other exploitation of the BLAZE Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the BLAZE Works.

5. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies or inventory of the BLAZE Works and any products and works that embody any reproduction or other copy or imitation of the BLAZE Works, as well as all means for manufacturing them.

6. That Defendants, at their own expense, be ordered to recall the BLAZE Works from any distributors, retailers, vendors, or others that have distributed the BLAZE Works on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the BLAZE Works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to them.

7. Awarding Plaintiff:

   a.  Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the BLAZE Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the BLAZE Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

   b.  damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

   c.  exemplary and punitive damages in an amount to be determined at trial;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
AUSTIN, TEXAS

-12-
COMPLAINT

4864-3417-3450v4/106393-0004

    d.   should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    e.   Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

8.   Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

Awarding such other and further relief as the Court deems just and proper.


Dated:  February 14, 2022      By:   */s/ William M. Parrish*
                          William M. Parrish, Texas State Bar No. 15540325
                          **STRADLING YOCCA CARLSON & RAUTH**
                          **A Professional Corporation**
                          500 W. 2nd Street, Suite 1900
                          Austin, TX  78701
                          512-788-5020
                          bparrish@stradlinglaw.com

                          Salil Bali (admitted in WDTX)
                          **STRADLING YOCCA CARLSON & RAUTH**
                          **A Professional Corporation**
                          660 Newport Center Drive, Suite 1600
                          Newport Beach, CA 92660
                          949-725-4278
                          sbali@stradlinglaw.com

                          ***Attorneys for Plaintiff Blaze Solutions, Inc.***

COMPLAINT